# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | |
| **TERRENCE TERRELL CONNER,** | * | Criminal No. **09-511 PJM** |
| | * | Civil No.    **16-01595 PJM** |
| Defendant. | * | |
| | * | |
| | * | |
| | * | |
| | * | |

## MEMORANDUM OPINION

*Pro se*[1] Defendant Terrence Terrell Conner has moved to vacate his sentence pursuant to 28 U.S.C. § 2255.  He argues that his conviction for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) is unconstitutional and void.  For the reasons that follow, Conner's Motion is **DENIED**.

### I.

On December 23, 2008, Conner and two accomplices robbed a GameStop store in Oxon Hill, Maryland, posing as a customers before brandishing handguns and demanding the store manager hand over money that was being transferred from cash registers to a safe. One of the gunmen fired a shot into the floor, and the manager dropped a bag containing the money.  The group grabbed the money bag and fled, stealing approximately $7,425.  Fingerprints left at the scene were identified as belonging to Conner, and a left foot gray and white shoe left at the scene matched a right foot grey and white shoe found at Conner's residence during the later execution of a search warrant. A 9mm semi-automatic pistol, 9mm and .37 caliber ammunition and clothing

---

[1] Originally, counsel filed Conner's Motion on his behalf, as well as a supplemental motion in 2019. See ECF Nos. 118, 123.  In May 2020, however, counsel filed a motion, which was granted, to withdraw from Conner's pending 18 U.S.C. §2255 motion.  See ECF Nos. 139, 140.

matching that worn by Conner during the robbery were also found at his home, though a firearms examiner determined that the handgun did not fire a casing recovered at the crime scene.

On June 8, 2011, Conner was charged in a two-count superseding information with Interference with Interstate Commerce by Robbery, or Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count 1s) and Possession and Use of a Firearm in Furtherance of a Crime of Violence, 18 U.S.C. § 924 (c)(1)(A)(iii) (Count 2s). ECF No. 88. On October 18, 2011, Conner pleaded guilty to both counts. ECF No. 113.

The Court sentenced Conner to 30 months imprisonment for Count 1s (Hobbs Act robbery), to run concurrently with time Conner was serving in the District of Columbia (14 months), and a consecutive 120 month term of imprisonment for Count 2s (use of firearm in crime of violence). He was also sentenced to three years of supervised release on Count 1s, to run concurrently with five years of supervised release on Count 2s and ordered to pay $7,425.00 in restitution. ECF No. 113.

## II.

In 2016, Conner filed the present Motion to Vacate Judgment Under 28 U.S.C. § 2255 with respect to Count 2s (use of a firearm in crime of violence). ECF No. 118. The use of a firearm in the crime of violence statute, 18 U.S.C. § 924(c), provides for enhanced prison sentences for federal "crimes of violence" in which a firearm is used. The statute has two clauses that defined "crimes of violence." The first, known as the force clause, defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §924(c)(3)(a). The second, known as the residual clause, defines a crime of violence to include felonies "that by [their] nature, involv[e] a substantial

Case 8:09-cr-00511-PJM   Document 162   Filed 11/10/21   Page 3 of 4

risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

Conner argues that his conviction under §924(c) is void in light of the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015). ECF No. 118. In *Johnson*, the Supreme Court held that the definition of "violent felony" under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague. *See Johnson*, 576 U.S. at 506. Conner argues that the residual clause of the "crime of violence" definition in § 924(c) is "materially indistinguishable" from the residual clause of the ACCA. Thus, Conner asserts, the residual clause of § 924(c), must also be unconstitutionally vague. He also argues that a Hobbs Act robbery cannot qualify as a "crime of violence" under the remaining force clause of § 924(c). Because, he argues, the residual clause is unconstitutional and the force clause does not apply, his conviction for use of a firearm in a crime of violence must be vacated under 28 U.S.C. § 2255(a).

Indeed, in 2019, the Supreme Court concluded that the residual clause in the § 924(c) "crime of violence" definition is unconstitutionally vague. See *United States* v. *Davis*, 139 S. Ct. 2319, 2336 (2019). Following *Davis*, however, the Fourth Circuit determined that Hobbs Act robbery (18 U.S.C. § 1951(a)) does constitute a "crime of violence" under the force clause of §924(c). *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019); 18 U.S.C. § 924(c)(3)(A).

In light of the ruling in *Mathis*, even if Conner cannot be convicted under the unconstitutional residual clause, 18 U.S.C. § 924(c)(3)(B), his conviction nonetheless stands under the force clause, 18 U.S.C. § 924(c)(3)(A). As such, Defendant's argument for relief under 28 U.S.C. § 2255 fails; there is no error of law in the determination that he has committed a crime of violence – Hobbs Act robbery – required for a conviction for violating 18 U.S.C. § 924(c).

3

**CONCLUSION**

For the foregoing reasons, Conner's Motion to Vacate, ECF No. 118, is **DENIED**.

A separate Order will **ISSUE**.

Date: November $\underline{10}$, 2021

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE